J.S43035/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    Appellee    :
    :
    v.    :
    :
DWAYNE EDWARD MAURER,    :
    :
    Appellant    :    No. 565 EDA 2014

Appeal from the Judgment of Sentence January 17, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0008967-2010

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED OCTOBER 29, 2014**

Appellant, Dwayne Edward Maurer, appeals from the judgment of

sentence entered in the Montgomery County Court of Common Pleas after he

entered an open guilty plea to two counts of criminal solicitation to

intimidate a witness.[1]  He challenges the discretionary aspect of his

sentence.  Appellant claims the trial court failed to consider substantial

mitigating factors and manifestly abused its discretion in imposing the

sentence in the instant case to run consecutively to the sentence he was

serving in the underlying case.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 902(a) ("Criminal Solicitation"), 4952(a)(2) ("Intimidation of Witnesses or Victims").

The trial court summarized the facts and procedural history of this case as follows:

> On June 7, 2011, [Appellant] appeared in this court with counsel and entered an open guilty plea to two counts of Criminal Solicitation to intimidate a witness . . . . [Appellant] admitted to soliciting Trooper Paul Carr, who posed undercover as someone else, to take witnesses in another case out of the area so they could not testify against [him]. These witnesses were [M.L.] and Connie Maurer, and it was a possibility that they were going to offer testimony against [Appellant] in case number CP-46-CR-0001986-2010. Maurer is [Appellant's] wife and he ultimately plead guilty to twice performing oral sex on [M.L.], his stepdaughter who was less than 13 years of age.
>
> At the plea hearing in the instant case, [Appellant] was made aware that it was an open plea and thus there was no agreement between the defense and the Commonwealth. Additionally, he was made aware that the standard range of sentencing was 36-54 months. Thereafter, the court sentenced him on October 5, 2011, to $4^1/_2$ to 9 years for both counts concurrently. The court also imposed this sentence to run consecutively to case number 1986-2010, in which he received a sentence of 10-20 years for Involuntary Deviate Sexual Intercourse with a child [and 10 years' consecutive probation].
>
> [Appellant] did not take a direct appeal from the Judgment of Sentence. On October 5, 2012, [Appellant] filed a *pro se* Post-Conviction Collateral Relief Act [("PCRA")] Petition. [Counsel] was appointed to represent [Appellant]. PCRA counsel filed an Amended PCRA Petition on behalf of [Appellant] on January 25, 2013. At the time the PCRA hearing was scheduled, the Commonwealth indicated they discovered trial counsel actually recited the wrong sentencing guidelines during the initial sentencing hearing. After a conference, both parties agree[d] that the correct sentencing guideline for the instant crimes is actually 22-36 months. Thus, defense counsel filed a Second Amended PCRA Petition on April 15, 2013, requesting allowance to file a Petition for Reconsideration

> of Sentence *Nunc Pro Tunc*, and reinstatement of [Appellant's] direct appeal rights.
>
> A brief hearing was held on June 20, 2013, and reflected by an order dated August 23, 2013, [Appellant's] relief was granted in that the Commonwealth and defense agreed to vacate [his] sentence and remand it for resentencing by this court. Thereafter, on January 17, 2014, [Appellant] was resentenced to 3-9 years on both counts concurrently, and again consecutive to his sentence on case number 1986-2010.

Trial Ct. Op., 4/10/14, at 1-2 (citations and footnote omitted). Appellant filed a post sentence motion which was denied. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> I. Did the learned trial court manifestly abuse its discretion when it ordered [Appellant's] sentence of three to nine years on the instant matter to run consecutive to [his] ten to twenty year sentence that he was serving on Docket No. 1986-[20]10 despite the wishes of one of the victims, thereby resulting in an aggregate sentence of thirteen to twenty-nine years.

Appellant's Brief at 3.

Appellant challenges the discretionary aspect of his sentence.

> Initially, we must determine whether Petitioner has the right to seek permission to appeal the sentencing court's exercise of its discretion. Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing. . . .

***Commonwealth v. Brown***, 982 A.2d 1017, 1018-19 (Pa. Super. 2009) (citation omitted). Instantly, there was no agreement as to sentencing; thus Appellant has the right to seek permission to appeal. ***See id.***

This Court has stated,

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
>> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations and punctuation omitted).

Instantly, Appellant timely appealed, preserved his issue in his post sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See id.*** Accordingly, we ascertain whether Appellant has presented a substantial question. ***Id.***

Appellant contends that in imposing the consecutive sentence the trial court failed to consider all mitigating factors, *viz.*, his accomplishments while

incarcerated and the letter from his wife.[2]  He avers that he has obtained his high school diploma and has been baptized.  Appellant's Brief at 13.  Appellant claims the court erred in ignoring the letter from his wife in which she requested the sentence in the instant case run concurrently to the sentence he was serving in the underlying case.  Appellant's Brief at 14.  Appellant contends the court "continued to make the sentences consecutive despite the wishes of the victims and, therefore, the [c]ourt manifestly abused its discretion." *Id.* at 15.

Generally, where the sentence is in the standard range, as in the case *sub judice*, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."[3]  **See Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013).  However, in **Commonwealth v. Dodge**, 77 A.3d 1263 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), this Court stated that in **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005), "this Court found that an

---

[2] **See** Appellant's Mot. Recons. of Sentence, 1/23/14, D-1.

[3] We note that where a defendant claims "that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances[,]" a substantial question is raised.  **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003).  In **Commonwealth v. Raven**, 97 A.3d 1244 (Pa. Super. 2014), the defendant contended the court failed to consider mitigating factors and that his consecutive sentence was manifestly excessive.  **Id.** at 1253.  This Court opined: "It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question.  **See** [**Felmlee**, 828 A.2d at 1107.]" **Id.**

excessive sentence claim, **in conjunction with an assertion that the court did not consider mitigating factors**, raised a substantial question."[4] **Dodge**, 77 A.3d at 1272 (emphasis added); **see also Raven**, ___ A.3d at ___, 2014 WL 3907103 at *6, (citing **Perry** with approval).

We find that Appellant's Rule 2119(f) statement presents a substantial question. **See Dodge**, 77 A.3d at 1272. Therefore, we will review the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

> 42 Pa.C.S.A. § 9721(b).

---

[4] This Court in **Dodge** noted "that it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency, even in matters not involving excessive sentence claims." **Dodge**, 77 A.3d at 1272 n.8.

Furthermore,

> section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

**Commonwealth v. Bricker**, 41 A.3d 872, 875-76 (Pa. Super. 2012) (alterations and some citations omitted).

Our Supreme Court has stated:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence**

> **report, the sentencing court's discretion should not be disturbed.** This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. . . .

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (emphasis added).

"Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010).

Instantly, at re-sentencing, the court stated that it incorporated the remarks it made at the October 5, 2011 sentencing hearing. At the October 5th hearing, the court stated, *inter alia*, as follows:

> The [c]ourt has to put certain reasons for sentencing on the record. Obviously, **this [c]ourt has had the time to consider the presentence investigation**[5] of [Appellant] in that it was considered at the time of the original sentencing on March 18th of 2011. And all of the information contained therein would not have changed in that he has been incarcerated continuously on the underlying case at 1986 of 2010 since March 5th of 2010.

N.T., 10/5/11, at 16.

---

[5] The court noted at the outset of the sentencing hearing that "a previous presentence investigation dated January 28th of 2011 had been done on [Appellant] in order to aid this [c]ourt in sentencing for a previous case in which he was sentenced on two counts of [involuntary deviate sexual intercourse] IDSI . . . . Following this open plea, there was no further presentence investigation done." N.T., 10/5/11, at 3, 4.

At the resentencing hearing, the trial court opined:

. . . This is an unusual resentencing in that the original crime [ ] which initiated the course of events that led to the [instant] charges . . . —the original crime which was at 1986 of '10—was a horrific, horrible, destruction of a child's childhood. . . .

I do incorporate because it will have some purpose as to my sentencing, . . . and note that 1986 of '10 was an open plea; however, there was an agreement as to the sentencing for which he has been sentenced for that behavior of 10 to 20 years. I note that the 10 years consecutive probation is also in place.

But, again, this all initiated with a horrific rape perpetrated by [Appellant] upon someone that was in his trust and care and obviously the daughter of someone who's now written a letter to this Court and has been part of the testimony as to how to deal with a case that arose from it.

Now, what is important, and it is important to this [c]ourt's sentencing, is that he pled guilty to two counts of criminal solicitation. And on this particular case there was no agreed sentence. There was just guidelines that came in. And this [c]ourt has utilized those guidelines, specifically noted on the record I used the guidelines to sentence [Appellant].

But I do recognize that the two counts that he entered his plea to [in the instant case] involved the solicitation of others to intimidate the child who is now an adult . . . .

And the second count was the solicitation of someone to intimidate Connie Maurer all for the specific purposes of preventing them from testifying in [the underlying case] which ultimately ended up in the guilty plea, and again I'm referring to 1986.

\* \* \*

[Appellant] became incarcerated and began, like many, to begin to change, to transition into a person of a spiritual

- 9 -

connection. And that's important. And I am going to have to take that into account because we did discuss it. I am resentencing a man today who has put testimony on that he claims he is different than he was when he perpetrated the crime and also these intimidations.

\* \* \*

Now, you have, [Counsel for Appellant], made very compelling arguments regarding Connie Maurer, his wife, who has clearly forgiven him, it appears, for what he did to her daughter and is involved with him in ministry and the same spiritual connections that [Appellant] is making to try to better his life for the long prison sentence that he is serving for the rape of ML.

And he is to be credited with that and the [c]ourt has to recognize that I am sentencing him for that, but I do note that she can clearly speak on behalf of herself. At this stage she is not authorized to speak on behalf of ML. And that's an important distinction in this case.

And I think appropriately you made your notes as to Connie Maurer, and clearly we don't have a letter from ML or what her present status is and, you know, what this trauma has done in her life and what treatment she's in and what she wants. Clearly she's of age now that can—so I don't have that voice here in this courtroom today.

And besides being the victim of the rape, she was a victim of a separate solicitation. And that's an important distinction, that Ms. Maurer does not get to speak for her daughter in that regard.

So I do recognize . . . that since [Appellant] has entered into prison he has no prison record that would indicate that he is doing anything other than trying to change his life, follow a spiritual course . . . . And that is important, so I will tend to give credit to those changes that he has made in his life since the original sentencing by this Court.

Nonetheless, this was a severe, horrific, life-changing rape of this child. And then the attempt to intimidate witnesses is an egregious crime in its own right.

N.T., 1/17/14, at 30-31, 32, 33-34.

Appellant's argument that the trial court ignored all mitigating factors and his accomplishments while incarcerated is belied by the record. ***See id.*** The court considered mitigating factors in imposing the consecutive sentence. ***See id.*** Similarly, the claim that the court ignored the wishes of the victim, *viz.*, Connie Maurer, is unsupported by the record. ***See id.*** Furthermore, the court considered the presentence report. ***See id***.; ***Devers***, 546 A.2d at 18. Accordingly, after examining the record as a whole, we find that the trial court's sentence was not manifestly excessive. We discern no abuse of discretion. ***See Bricker***, 41 A.3d at 875-76.

Judgment of sentence affirmed.

Judge Allen joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014